FINKBEINER, EXRX., APPELLEE, *v.* FINKBEINER, TRUSTEE, ET AL., APPELLEES; FREEMAN ET AL., APPELLANTS.

(No. 8593—Decided June 8, 1959.)

*Miss Mae L. Finkbeiner*, for appellees.
*Messrs. Peck, Shaffer & Williams*, for appellants.

MATTHEWS, P. J. This action to construe the will of Stella Callier, deceased, originated in the Probate Court of Hamilton County, Ohio, and was appealed to this court directly therefrom on questions of law only.

After providing for the payment of debts and funeral expenses, the testatrix left her entire estate to Mae L. Finkbeiner in trust, however, for the following uses and purposes:

"To hold, manage, and control, with full power and authority, without any order of court, to improve, lease, rent, mortgage, pledge, sell, exchange, transfer, dispose of and convey all or any part thereof, for such prices or rents, and upon such terms and conditions, and in such manner in all respects, as my trustee may deem best, including the power to lease all or any part thereof, for any term, without regard to the duration of the trust, with power to buy in, rescind or vary any contracts of sale, and to resell without being responsible for loss thereby in good faith sustained; and, for the purposes aforesaid to execute all such deeds and assurances as she shall deem fit as fully and with like effect as I could if living, to invest and reinvest in such manner as she may deem best, giving to the trustee absolute discretion as to the terms, conditions and rate of interest in respect to such investments or loans, with full power to convert realty into personalty, and personalty into realty, and the right to retain as investments any property coming to the trustee from my estate, without liability for depreciation in value. Said trustee shall have full power to compound, compromise and adjust all claims and demands in favor of or against the trust es-

tate, upon such terms and conditions as she may deem best, and to execute and deliver all proxies, powers of attorney and agreements which she may deem necessary or advisable in the administration of said trust.

"Until my grandson, Marvin Douglas Freeman, shall, or would if he lived so long, attain the age of thirty (30) years, the trustee shall have power and authority to pay to or expend for the benefit of my grandsons, Marvin Douglas Freeman, Milan Dean Freeman and Marcus Dale Freeman, my daughter, Beatrice Freeman, and my brother-in-law, James Callier, from the income and principal of the trust estate such sum or sums, at such times and in such manner as the trustee in her sole, absolute and unqualified discretion, may, from time to time, deem necessary, fit or proper to provide for their suitable support, maintenance, comfort, education, training or advancement in life, any unexpended income being added to the principal of the trust estate.

"Upon the disposition of principal provided for herein, the trust to that extent shall cease and determine.

"In case the trust estate shall not be wholly disposed of under the foregoing provisions of this will, then in such event such part not disposed of shall vest in equal shares in such of my grandsons, Marvin Douglas Freeman, Milan Dean Freeman and Marcus Dale Freeman, as shall be living when my grandson, Marvin Douglas Freeman, shall, or would if he lived so long, attain the age of thirty (30) years and the trust shall cease and determine."

There is a subsequent provision that in the event the trust should fail for any reason, the three grandsons should take the entire estate absolutely and in fee simple. There is also an "in terrorem" provision.

The claim of the appellants is that the foregoing provisions violate the rule against perpetuities and are void. The Probate Court held otherwise. This rule of property of the common law has been codified and is now Section 2131.08, Revised Code, which reads as follows:

"No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest * * *. It

is the intention by the adoption of this section to make effective in Ohio what is generally known as the common-law rule against perpetuities.''

There can be no doubt that upon the death of Stella Callier, the entire legal estate vested in Mae L. Finkbeiner, without any reservation or condition. However, that legal estate in her hands was charged with a trust. While the trustee was given almost unlimited power to manage, control, and dispose of both the income and principal, as she saw fit, without the order of any court, including the power to discriminate among the beneficiaries, so long as the trust endures, notwithstanding the plenitude of the power conferred on the trustee, it created a trust relationship. By the express terms of the trust, the trustee is required to exercise a reasonable discretion in the use of these powers in her dealings with the trust property and the beneficiaries of the trust, and, furthermore, the will contains, as is seen, an express limitation on the duration of the power. But for these two limitations, the title of the first taker would be absolute both at law and in equity.

By the terms of the will, this trust with its complete power will end when ''Marvin Douglas Freeman, shall, or would if he lived so long, attain the age of thirty (30) years.'' Thereupon, the entire trust property, then remaining, ''shall vest in equal shares in such of my grandsons, Marvin Douglas Freeman, Milan Dean Freeman and Marcus Dale Freeman, as shall be living when my grandson, Marvin Douglas Freeman shall, or would if he lived so long, attain the age of thirty (30) years.''

It will be seen that the ultimate owners of this property, or so much of it as is undistributed among the five beneficiaries during the period are three of the five persons who could share in the final transfer of the title upon termination of the trust.

Now it is clear that the absolute legal title during that time will be vested in the trustee. It is clear also that the equitable title must be vested in someone. It cannot be *in nubibus*. It seems clear to us that it must be vested in the five named persons, subject to the power of the trustee to favor some at the expense of the others, and that action constitutes a condition subsequent, divesting their title, and not a condition precedent to the vesting of the equitable title. The apparent purpose of the trust would be more fully served by this interpretation.

But it should be observed here that whether the equitable estates are vested or contingent, they are merged in the complete title transferred upon the termination of the trust, and if that time is within the period allowed by Section 2131.08, Revised Code, they likewise are within that time. This applies to that part of the trust estate remaining for distribution at the termination of the trust. Of course, transfers by the trustee under the power given to her in the trust instrument, would be unaffected and operative according to their terms.

And so when we come to the time to terminate this trust we find that there will be no uncertainty as to the ultimate beneficiaries of this property to whom to transfer the legal title. All three of them are named and whoever has survived will take then or never. And all this has necessarily happened by the time Marvin Douglas Freeman has reached the age of thirty years, or would have, had he lived so long. And Marvin Douglas Freeman and his two brothers were living at the creation of these estates.

We therefore hold that the rule against perpetuities has not been violated, and that the estates created are valid, as provided by the express terms of the will.

Appellants' counsel present two grounds or reasons for the invalidity of the provisions of this will. The first is: "The interests of the remaindermen beneficiaries in the Callier trust are not presently vested, nor are any interests created by said trust presently vested." That does not seem to state the problem before the court. The problem is not whether the interests of the remaindermen are presently vested, but, rather, whether they will become vested in the future within the time permitted by law.

And then counsel say that the case of *Cleveland Trust Co., Trustee,* v. *McQuade,* 106 Ohio App., 237, is a direct authority supporting their position. We cannot agree with counsel. The opinion by Judge Doyle in the *McQuade case* is a very comprehensive exposition of the law on the subject of the vesting of estates and there is no uncertainty as to his meaning or the soundness of his conclusions. But the facts of the case before his court bear no resemblance to the facts in this case. The facts in his case were that a trust *inter vivos* had been created

in 1922, creating a life estate, with power to appoint. This beneficiary died in 1952, leaving a will in which he assumed to exercise the power of appointment in favor of some who were living in 1922 and some who were not living at that time. As we construe the case, what the court held was that in computing the time of vesting of an estate to determine whether it was within or without the time the law required, the time of the creation of the power was the date of commencement, and not the date of the exercise of the power. The court therefore held that only those who were living in 1922, when the power was created, could take, and those who were born thereafter could not. Having concluded that the date of the creation of the power, rather than the date of its exercise, controlled, the court then applied the rule against perpetuities to the facts before it.

The distinction between that case and the case at bar seems obvious. The only possible ultimate beneficiaries of this trust were living at its creation.

It is a rule of construction that courts favor the vesting of estates.

It is also a rule that the intention of the testator, when once ascertained, must be given effect. Whether an estate created by will is too remote depends on the intention of the testator as expressed in the will.

For these reasons, we do not think it would serve any useful purpose to consider and distinguish the many cases cited by counsel in their briefs.

The second ground which the appellants present for the invalidity of the provisions of this will is: "There being no present vesting, the interests created by the Callier Trust may vest beyond the period set forth in Section 2131.08, Revised Code, and, therefore the Callier Trust is void."

We believe what we have already said is equally applicable to this claim. We hold this ground also is untenable.

Without further discussion we hold that the court did not err in relation to the "in terrorem" provision, or in the assessment of costs.

For these reasons, the judgment of the Probate Court of Hamilton County is affirmed.

*Judgment affirmed.*

O'CONNELL, J., concurs.